## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, an action is pending in the United States District Court for the Eastern District of Arkansas, styled Michael Butler, ADC #500230, v. Larry Norris, 2:07CV128 JLH/HLJ (hereinafter referred to as the "Action"), and

WHEREAS, the ADC defendants in the Action, Larry Norris, Greg Harmon, Cleaster Hubbard, Brenda Anderson, James Gibson, Tiffanye Compton and Mary Willis (collectively referred to as "ADC defendants") deny that they, or any officer, employee, or agent, have engaged in any wrongful, tortious or unlawful conduct of any kind; and

WHEREAS, the plaintiff in this action, Michael Butler, and the ADC defendants desire to compromise and settle the Action to avoid the costs and uncertainties of continued litigation;

NOW, THEREFORE, the plaintiff and the ADC defendants agree to the following terms as full and final satisfaction of any and all claims, including any and all claims for costs and attorneys' fees, which were raised by plaintiff in the Action or could have been raised by plaintiff in the Action.

1. **ACTIONS TO BE TAKEN BY DEFENDANTS.** ADC defendants agree to undertake the following:

    1. Contact the Arkansas Parole Board to request that the required completion of the ADC's Reduction of Sexual Victimization Program be removed as a stipulation to Plaintiff's parole, while Plaintiff will remain subject to any and all conditions of parole set by the Arkansas Parole Board upon his release from prison.

2. **ACTION TO BE TAKEN BY PLAINTIFF.** The plaintiff agrees to:

1

1. File a Motion to Voluntarily Dismiss with Prejudice with the United States District Court for the Eastern District of Arkansas in *Case No. 2:07CV128 JLH/HLJ.*

2. Plaintiff specifically agrees the above mentioned Motion to Voluntarily Dismiss with Prejudice will seek to dismiss the ADC Defendants Larry Norris, Greg Harmon, Cleaster Hubbard, Brenda Anderson, James Gibson, Tiffanye Compton and Mary Willis, as well as the remaining Separate Defendants, Dondie Franklin, Felicia Phillips, Lamontrell Jones, Harrison Foreman, Timothy L. Morrison, Cheryl Evans, and Kathy Stewart.

3. **COMPLETE RELEASE AND WAIVER.** The plaintiff waives, releases, relinquishes and forever discharges the State of Arkansas, all ADC defendants, all separate defendants in their official and individual capacities, from all claims, liens, or causes of action, known or unknown, arising out of any claim that plaintiff has brought or could have brought against any ADC employee during his incarceration in the Arkansas Department of Correction, for damages, attorneys' fees, costs or recovery of any type.

4. **ENTIRE AGREEMENT.** This Agreement contains the entire agreement between the parties. The plaintiff and defendants have not relied upon any promise or statement, oral or written, that is not set forth in this Agreement.

5. **MODIFICATION.** The plaintiff and defendants agree that this Agreement may not be modified, amended, or altered except by a written agreement executed by all parties.

6. **VOLUNTARY AGREEMENT.** The plaintiff and defendants acknowledge that each has read this Agreement, that each has had the opportunity to consult with legal counsel

of their choosing concerning the advisability, meaning and effect of this Agreement, and that each has signed this Agreement voluntarily and without duress.

Plaintiff, Michael Butler is represented by counsel. Plaintiff acknowledges that he was given the opportunity to have this agreement reviewed by his attorney prior to his signature and he completely understands the agreement he is entering.

7. **NO RESCISSION FOR MISTAKE.** The plaintiff and defendants acknowledge that each has had the opportunity to investigate the facts and law relating to the claims raised in the Action and any additionally waived and released claims to the extent each deems necessary and appropriate. The plaintiff and defendants assume the risk of any mistake of fact or law and agree that any mistake of fact or law shall not be grounds for rescission or modification of any part of this Agreement.

8. **NO ADMISSION OF LIABILITY.** The plaintiff and defendants acknowledge that this Agreement is a compromise and is not an admission of liability or wrongdoing on the part of the defendants, or any officer, employee or official of any defendant. Plaintiff agrees not to suggest or construe this Agreement as an admission or implication of wrongdoing and that the Agreement is not admissible in any court or administrative body except as necessary to enforce its terms or as otherwise required by law.

9. **CHOICE OF LAW.** This Agreement shall be governed by and construed in accordance with the substantive law of the State of Arkansas.

10. **SUCCESSORS AND ASSIGNS.** This Agreement shall be binding upon the plaintiff and defendants and each of their respective heirs, descendants, successors and assigns.

11. **EFFECTIVE DATE.** This Agreement shall not become effective until it is executed by all parties.

12. **COUNTERPARTS.** This Agreement may be executed in counterparts and the counterparts taken together, will have binding effect.

**PLAINTIFF**

By: _____
Michael Butler

Date: 9/9/09

By: _____
Clinton McGue

Date: 9/9/09

**DEFENDANTS**

By: _____
Larry Norris, ADC Director

Date: 9-9-09