IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL LEWIS BUTLER,
ADC #500230                                                                                              PLAINTIFF

VS.                              CASE NO.2:07CV00128BSM/HLJ

LARRY NORRIS, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the Court on plaintiff's motion to vacate the dismissal order (DE #159), plaintiff's pro se motion to vacate the settlement agreement (DE #163), and on the motions to withdraw filed by his Court-appointed attorney, Clinton McGue (DE ##161, 162). Defendants have filed responses to the motion to vacate dismissal and plaintiff's pro se motion to vacate the settlement agreement (DE ##160, 174).

Plaintiff originally filed this action, pro se, pursuant to 42 U.S.C. § 1983, alleging failure to protect and excessive force allegations against defendants, who are employees of the Arkansas Department of Correction (ADC). Attorney Clinton D. McGue was appointed as counsel to represent plaintiff on August 28, 2008 (DE #110). On September 14, 2009, this

Court entered an Order dismissing this case pursuant to a settlement agreement reached by the parties (DE #156). Plaintiff's attorney filed the motion to vacate the dismissal Order, asking that the case not be officially dismissed until all the terms of the settlement agreement were completed by the parties (DE #159). Defendants responded, stating they satisfied their obligation in the settlement agreement and asking that the motion be denied as moot (DE #160).

Plaintiff's attorney then filed a motion and amended motion to withdraw (DE ##161, 162), stating he met with plaintiff on multiple occasions and negotiated a settlement with defendants, whereby the ADC would recommend that a specific condition [ADC's Reduction of Sexual Victimization Program (RSVP)] be removed from plaintiff's parole consideration. As a result, the ADC contacted the Parole Board and the condition was removed. Attorney McGue further states in the motion that plaintiff now wrongfully accuses him of conspiring with the defendants to have his case dismissed, and has now demanded McGue to secure an amendment to the settlement agreement which would insure plaintiff's release from prison. Attorney McGue states as a result of an unwillingness to cooperate, he is unable to continue to effectively represent the plaintiff.

Plaintiff responded by letter, which this Court construes as a <u>pro se</u> motion to vacate the settlement agreement (DE #163). In this letter, plaintiff states his attorney has not cooperated with him, and ignores his requests to change the wording of the settlement agreement. Plaintiff states the basic agreement between the parties is that the Parole Board remove a stipulation for the RSVP program, which would "make me eligible to go home."

Plaintiff states his attorney and defendants' attorney assured him that the Parole Board would not replace the RSVP stipulation with another one, and states the attorneys did not receive his permission to submit the settlement papers on September 9, 2009.

In their response, defendants state the parties knowingly and voluntarily entered into a settlement agreement on September 9, 2009, providing that the ADC would contact the Parole Board and request removal of the RSVP stipulation from plaintiff's parole consideration, in exchange for plaintiff's dismissal of this lawsuit. A copy of the signed settlement agreement is attached to the response, as Ex. 1. Defendants state the Parole Board was contacted with the request (see Ex. 2), and the RSVP stipulation was removed. Defendants further state plaintiff appeared before the Parole Board on November 24, 2009, where his application for parole was considered, but he was not released. The Parole Board voted to allow plaintiff to re-petition for parole in six months.

In Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir. 1985), the Court held that "parties to a voluntary settlement agreement cannot avoid the agreement simply because the agreement ultimately proves to be disadvantageous." The Court further found enforceable a verbal settlement agreement even after one of the parties changed his mind. In this particular case, the Court finds no dispute that the parties agreed to a settlement whereby the ADC would recommend removal of the RSVP stipulation from plaintiff's parole eligibility in exchange for dismissal of this action. All parties signed the agreement, the ADC sent a letter to the Parole Board, and the stipulation was subsequently removed. Plaintiff's subsequent desire to add language which would ensure his release from prison

should not nullify such settlement agreement. Based on the law set forth in Worthy, supra, the Court finds plaintiff's pro se motion to vacate should be denied, and his attorney's motions to withdraw should be granted. Accordingly,

IT IS, THEREFORE, ORDERED that the motion to vacate dismissal of this action (DE #159) is hereby DENIED as moot.

IT IS FURTHER ORDERED that the motion and amended motion to withdraw as plaintiff's attorney, filed by attorney Clinton McGue (DE ##161, 162), are hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's pro se motion to vacate the settlement agreement (DE #163) is hereby DENIED.

IT IS SO ORDERED this 9th day of December, 2009.

_____
United States Magistrate Judge